Hunt v. McCalla.

*Seevers & Williams* for the appellants.

*J. M. Ellwood, G. R. Shays & J. W. Sennett* for the appellee.

---

## HUNT v. McCALLA, Sheriff.

1. **Witness:** OFFICER: SELF-CRIMINATION. A peace officer cannot refuse to answer questions touching his knowledge of the places where liquors are being sold in violation of law, on the ground that under section 1578 of the Revision of 1860, he would criminate himself. When the question involves only facts of recent occurrence the answer cannot criminate the witness.

*Writ of Habeas Corpus.*

·THURSDAY, JANUARY 25.

THE facts are stated in the opinion of the court.

*Ellwood & Phillips* for the applicant.

*F. E. Bissell*, Attorney-General, for the defense.

LOWE, Ch. J. — The plaintiff was summoned before the grand jury of Polk county, to testify, and was asked the following question: "Do you know of any house on the east side of the river, in this county, where spirituous liquors are sold, other than any sold by yourself?" which he refused to answer. He was brought, by the grand jury, before the court to be instructed as to his duty in the premises. His statement to the court was, that he is and has been an acting constable of the county of Polk, since the 1st of January, 1865; that under section 1578 of the Revision, it is made a misdemeanor for any peace officer, when he is informed, or has any reason to believe that the liquor law·has been violated, if he fail to go before a magistrate and make information of the same, and of the person violating the law; that he could not answer the question propounded by the grand jury, without ·criminating himself, under the section referred to. He was informed otherwise by the court, and refusing still to answer, was adjudged to be in contempt of the authority of the court, and imprisoned until he should comply with the order of the court, or be otherwise discharged; and a warrant of commitment was accordingly directed to be issued by the clerk. The plaintiff applies directly to this court for a writ of *habeas corpus*, under which the issue is so made, as to raise and have determined the question, whether the applicant, as a witness, could safely answer the interrogatory above speci-

*1. WITNESS: officer: self-crimination.*

fied, without tending to render him criminally liable. We unite in returning an affirmative response to this proposition, for the reason that the question asked seeks information of facts in *presenti*, and not of some former period; that is to say, the information sought to be elicited by the interrogatory is *ex vi termini*, confined to a period so recent and so near the present, that the answer thereto, so far from criminating or tending to criminate the witness, would be in precise accord with his duty under the statute.

As long as the violation of the liquor law, and the time of giving information thereof, are contemporaneous or nearly so, there can be no danger whatever in a peace officer testifying; not only so, but it is made his positive duty to make information; now, the interrogatory in question is evidently predicated upon this state of case, and, to our minds, there is no reason why he should not answer the question.

We do not say that a question may not be asked, reaching back to former times, which might be unsafe for the witness to answer; if so, it will then be time enough to claim the privilege of the law. For the present, we confine ourselves to the specific question before us, and we say the witness can safely answer the interrogatory, and should do so, and he is accordingly remanded until he will do so or is otherwise discharged.